Argued February 16, affirmed February 23, 1956

## ZADOW *v.* NORTH COAST MANUFACTURING CORPORATION

293 P. 2d 740

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellant.

*Frank L. Whitaker,* Portland, argued the cause and filed a brief for respondent.

Before TOOZE, Acting Chief Justice, and LUSK, BRAND and PERRY, Justices.

BRAND, J.

This is an action by the plaintiff against the defendant corporation to recover commissions earned by the plaintiff in selling for the defendant certain described personal property. Verdict and judgment were for the plaintiff and the defendant appeals. The gist of the complaint is set forth in paragraph two thereof, which reads as follows:

"That on or about August 15, 1951, Plaintiff was employed by Defendant as a salesman to sell for Defendant furnaces, ventilating material and equipment, sheet metal equipment, and the like, on the basis of Seven and one-half percent (7½%) of gross sales, payable when work was started on the jobs, and after about the first month of employment, the sum of One Hundred Dollars ($100.00) per week to be paid against sales as a drawing account."

It is further alleged in the complaint that on or about the 22nd of October 1952, the defendant attempted to modify the contract by excluding therefrom the authority to sell sheet metal and by reducing the rate of compensation. It is alleged that the plaintiff refused to agree to the attempted modifications and the contract was thereupon terminated by mutual consent. The complaint alleges that the plaintiff sold during the course of his employment materials in the amount of $178,664.69 on which the agreed commission was $13,678.39, no part of which has been paid except $5,870 which was paid under the agreement for a drawing account. Plaintiff therefore prayed for judgment in the sum of $7,808.39, with interest. The defendant filed a general denial except that it admitted

that the plaintiff was employed to sell furnaces at a rate of commission at 7 per cent. Defendant further alleges that during the month of November defendant was employed to sell furnaces and general sheet metal work to the Prescott Corporation for a compensation of 5 per cent of gross sales price. Defendant also alleges that for a time plaintiff sold for the defendant sheet metal work on commercial type buildings and that on such sales the plaintiff was to receive 10 per cent of the net proceeds as an agreed reasonable compensation. Both the complaint and answer agree that the plaintiff received as a drawing account the total sum of $5,870. In the answer it is further alleged that at the time of termination of plaintiff's employment he sold to the Prescott Corporation material amounting to $63,620.05; that he sold general sheet metal work on commercial type buildings in the amount of $88,711.55; that he sold single furnaces and sheet metal installations totaling $21,114.00 and that he sold on other jobs materials in the amount of $5,219.09. Totaling these amounts we find it alleged in the answer that the plaintiff sold material in the total sum of $178,664.69. Thus it appears from the pleadings that both parties state the amount of goods sold at $178,664.69. Both parties also agree upon the amount of the drawing account received by the plaintiff. The difference between them relates to the rate of agreed compensation for the various types of sale made by the plaintiff for the defendant.

■ The first assignment of error complains of the denial by the court of defendant's motion for a directed verdict on the ground that there was insufficient evidence to constitute a jury question. In support of the motion for directed verdict the defendant contended in the circuit court that there was nothing in the evi-

dence from which the jury could segregate "the Prescott work, the general sheet metal work and the commercial work", the claim being that these different classes of work on the defendant's theory were to receive compensation at different rates. An examination of the record, however, will clearly disclose that there was substantial evidence in support of the plaintiff's contention that all of the work done was to be compensated at the rate of 7½ per cent of gross sales. It follows from this fact alone that the court could not properly grant a motion for a directed verdict. The trial court submitted to the jury the question as to whether the original agreement was for 7½ per cent commission on gross sales. It also submitted to the jury the question as to whether there had been any modification of the agreement. The verdict of the jury demonstrates that they adopted the plaintiff's contention, with one possible exception, which may or may not have been justified. A simple calculation will demonstrate the method by which the jury arrived at its verdict. The stipulated total sales were $178,664.69 on which a 7½ per cent commission would amount to $13,399.85. The plaintiff had received advances in the amount of $5,870, leaving a balance due in the sum of $7,529.85. We must assume that the jury accepted the statement in the defendant's answer to the effect that the Prescott sales amounted to $63,620.05 and concluded that the plaintiff was entitled to only 5 per cent commission on those sales. The jury apparently deducted 2½ per cent from the amount of the commission claimed by the plaintiff upon the Prescott sales, amounting to $1,590.50, which was deducted from $7,529.85, leaving a balance of $5,939.35 which is the exact amount of the verdict. There is nothing in the record to justify the deduction of $1,590.50 from the

amount of commissions due the plaintiff, but the plaintiff has filed no cross appeal. The total amount of the sales made by the plaintiff being agreed upon and the jury having found in accordance with the plaintiff's claim as to the rate of compensation, with the single exception noted, it is clear that there was no merit in the first assignment of error.

The second assignment of error complained of the refusal of the court to reopen the case after both parties had rested and after the trial court had denied the motion for a directed verdict. The motion was to receive in evidence certain exhibits which had been marked for identification but not offered in the course of the trial. There is no evidence that the failure to introduce the exhibits was the result of any inadvertence on the part of the defendant. Defendant had ample opportunity to introduce the exhibits if they were competent, and he elected not to do so. There was no abuse of discretion on the part of the trial court in denying the motion to reopen the case for the sole purpose of introducing exhibits which had been identified but not offered.

The judgment is affirmed.